UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANTONIO HARRIS,

   Plaintiff,

v.

GC SERVICES, LP.

   Defendant.

CIVIL CASE

Case Number: 1:17-cv-04778

JURY TRIAL DEMANDED

# COMPLAINT

NOW COMES the Plaintiff, ANTONIO HARRIS ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, GC SERVICES, LP ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in this District and Defendant's conduct harmed Plaintiff in this District.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in the Northern District of Illinois.

5. Defendant is a limited partnership with its principal place of business located at 6330 Gulfton Street, Houston, Texas. Defendant is a third party debt collector that regularly collects debts using the mail and/ or telephones. Defendant transacts business in Illinois by attempting to collect debts allegedly owed by Illinois consumers. Moreover, Defendant maintains offices in Chicago, Illinois.

6. According to Defendant's website, it collects debts for clients in various industries, including the student loan industry.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Over 15 years ago, Plaintiff obtained a student loan to fund his education in the approximate amount of $10,000 ("subject debt").

8. At the time Plaintiff incurred the subject debt, he provided his mother's landline number ending in 0873 to the student loan lender.

9. Plaintiff defaulted on the subject debt over 10 years ago.

10. Upon information and belief, Defendant acquired the subject debt in January 2015. At the time Defendant acquired the subject debt, Plaintiff was residing at his mother's house.

11. In January 2015, Defendant started placing collection calls to Plaintiff's mother's landline number ending in 0873.

12. As soon as the calls began, Plaintiff picked up the phone and asked Defendant what the call was about.

13. Defendant responded by stating that it was looking for Antonio Harris. Plaintiff stated he was Antonio Harris and was asked by Defendant to provide the last 4 digits of his social security number. Being cautious about providing his social security number to an unknown party, Plaintiff refused to provide Defendant with his social security number.

14. At that point, Defendant scolded Plaintiff by stating that it is a debt collector and that he needs to pay his bills.

15. Defendant further threatened that it would freeze Plaintiff's bank accounts and put liens on his assets if he doesn't pay the subject debt. In response, Plaintiff requested that Defendant cease all calls to his mother's landline phone.

16. Notwithstanding Plaintiff's request that the calls cease, Defendant placed calls to his mother's landline phone once a day from January 2015 through the present.

17. In total, Defendant has placed no less than 700 collection calls to Plaintiff's mother's landline phone.

18. In January 2016, Defendant started placing collection calls to Plaintiff's cellular phone number ending in 2263.

19. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 2263.

20. Plaintiff has never provided his cellular phone number to Defendant.

21. Immediately after the calls to Plaintiff's cellular phone began, Plaintiff demanded that Defendant cease calls to his cellular phone.

22. Notwithstanding Plaintiff's request that Defendant cease calls to his cellular phone, Defendant continued to place collection calls to Plaintiff's cellular phone.

23. Specifically, between January 2016 and the present day, Defendant has placed no less than 150 calls to Plaintiff's cellular phone.

24. In that time period, Plaintiff answered between 30-40 of Defendant's calls to his cellular phone. In each answered call, Plaintiff requested that Defendant cease placing collection calls to his cellular phone.

25. During the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while the Defendant's telephone system attempted to connect Plaintiff to a live agent.

26. In most of the calls that Plaintiff answered, Defendant committed conduct similar to the conduct set forth in Paragraphs 13-15.

## DAMAGES

27. The frequency of Defendant's calls to Plaintiff's cellular phone and his mother's landline phone have severely disrupted Plaintiff's everyday life and general well-being.

28. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of her telephone services.

29. In addition, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

30. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

33. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

34. Upon information and belief, based on the pause and lack of a prompt human response during the calls Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular phone.

35. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

36. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

37. Defendant violated the TCPA by placing no less than 150 calls to Plaintiff's cellular phone between January 2016 and the present day, using an ATDS without his consent.

38. As pled above, Plaintiff never provided Defendant with his cellular phone number nor otherwise consented to receive calls from Defendant to his cellular phone.

39. Furthermore, as pled above, Plaintiff requested that Defendant cease its calls to his cellular phone on multiple occasions to no avail.

40. As pled above, Plaintiff was substantially harmed by Defendant's collection calls to his cellular phone.

41. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to treble damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE Plaintiff, ANTONIO HARRIS, requests that this Honorable Court:

a. Enter an order enjoining Defendant from placing calls to Plaintiff's cellular phone;

b. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

c. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

d. Award any other relief this Honorable Court deems equitable and just.

### COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

44. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction for personal, family, or household purposes.

45. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

46. Defendant violated 15 U.S.C. §§1692d, e, and f through its debt collection efforts.

    **a. Violations of FDCPA §1692d**

47. Defendant violated §1692d by employing harassing, oppressive, and abusive methods in order to collect the subject debt from Plaintiff.

48. Defendant violated §1692d(5) by causing Plaintiff's cellular phone and mother's landline phone to ring more than 850 times between January 2015 and the present in its attempts to collect the subject debt.

    **b. Violations of FDCPA §1692e**

49. Defendant violated §1692e by employing false and deceptive means in connection with the collection of the subject debt.

50. Defendant violated §§1692e(5) and e(10) when it threated to take action that cannot legally be taken or that is not intended to be taken by threatening to freeze Plaintiff's bank accounts and place liens on Plaintiff's assets. Defendant's conduct was false and misleading because Defendant cannot legally freeze Plaintiff's bank accounts or place a lien on Plaintiff's assets without first filing a lawsuit and obtaining a judgment. Defendant has not filed a lawsuit or obtained a judgment against Plaintiff, and thus could not have possibly frozen his bank accounts or placed a lien on his assets.

51. Moreover, Defendant's implication that a lawsuit may be filed was false because Defendant cannot legally file a lawsuit against Plaintiff because the statute of limitations to sue on the subject debt has long passed. Specifically, under Illinois law, a claim for breach of a written contract must be brought within 10 years of the default on the contract. Here, Plaintiff defaulted on the subject debt more than 10 years ago, and thus any lawsuit to enforce the subject debt would be time barred.

### c. Violations of FDCPA §1692f

52. Defendant violated §1692f by employing unfair and unconscionable means to collect the subject debt from Plaintiff by placing no less than 850 collection calls to his mother's landline phone and Plaintiff's cellular phone, and continuing to place such calls after Plaintiff requested that the calls cease.

53. As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

WHEREFORE Plaintiff, ANTONIO HARRIS, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

54. Plaintiff restates and reallages paragraphs 1 through 30 as through fully set forth herein.

55. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

56. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

57. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

58. Defendant is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f). Defendant is a third party debt collector, an activity which is within the stream of commerce and utilized in Defendant's regular course of business.

### a. Unfairness and Deception

59. It was unfair for Defendant to harass Plaintiff through neverending calls placed to Plaintiff's cellular phone and his mother's landline phone after Plaintiff requested that the calls cease on no less than 30 occasions.

60. It was unfair for Defendant to call Plaintiff on his cellular phone and his mother's landline phone no less than 850 times, in an attempt to collect the subject debt.

61. It was unfair and deceptive for Defendant to threaten to freeze Plaintiff's bank accounts and place a lien on his assets when doing so was a legal impossibility.

62. The harassing and deceptive collection campaign Defendant has unleased, and continues to impose on Plaintiff is against public policy, immoral, unethical, and oppressive.

63. As pled above, Plaintiff was substantially harmed by Defendant's unfair conduct.

64. Upon information and belief, Defendant systematically places harassing and deceptive collection calls to consumers in Illinois in order to collect debts that are owed by Illinois consumers.

65. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the continued harassing collection calls.

WHEREFORE Plaintiff, ANTONIO HARRIS, requests that this Honorable Court:

a. Enter judgment in his favor and against Defendant:
b. Award Plaintiff his actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: June 26, 2017                                Respectfully Submitted,

                                                          /s/ Mohammed O. Badwan

                                                          Mohammed O. Badwan, Esq.
                                                          ARDC#6299011
                                                          *Counsel for Plaintiff*
                                                          Sulaiman Law Group, LTD
                                                          900 Jorie Blvd, Ste 150
                                                          Oak Brook, IL 60523
                                                          Phone (630) 575-8181
                                                          Fax (630) 575-8188