UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTONIO HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> GC SERVICES, LP, <br><br> Defendant. | Case No. 1:17-cv-04778 |

**DEFENDANT, GC SERVICES LIMITED PARTNERSHIP'S,
ANSWER AND DEFENSES TO COMPLAINT**

Defendant, GC Services Limited Partnership, comes now in response to the claims and allegations contained in Plaintiff, Antonio Harris's, Complaint, and files its answer and defenses, including its affirmative defenses. Consistent with Rule 8(b) of the Federal Rules of Civil Procedure, Defendant denies each factual allegation contained in Plaintiff's Complaint, except those specifically admitted herein.

**Answering "Nature of the Action"**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

**Response**: As to Paragraph 1 of the Complaint, Defendant admits Plaintiff purports to bring this action under the TCPA, FDCPA, and ICFA. Defendant denies it violated the TCPA, FDCPA, or ICFA.

## Answering "Jurisdiction and Venue"

2. Subject matter jurisdiction is conferred upon this Court as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

**Response**: Paragraph 2 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, Defendant admits that Plaintiff purports to base subject matter jurisdiction on the statute cited in paragraph 2 of the Complaint.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Defendant conducts business in this District and Defendant's conduct harmed Plaintiff in this District.

**Response**: Paragraph 3 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, Defendant admits Plaintiff purports to base proper venue on the statute cited in paragraph 3 of the Complaint.

## Answering "Parties"

4. Plaintiff is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in the Northern District of Illinois.

**Response**: As to paragraph 4 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations therein.

5. Defendant is a limited partnership with its principal place of business located at 6330 Gulfton Street, Houston, Texas. Defendant is a third party debt collector that regularly collects debts using the mail and/ or telephones. Defendant transacts business in Illinois by attempting to collect debts allegedly owed by Illinois consumers. Moreover, Defendant maintains offices in Chicago, Illinois.

**Response**: Defendant denies it maintains offices in Chicago, Illinois. Defendant admits the remainder of the allegations contained in paragraph 5 of the Complaint.

6. According to Defendant's website, it collects debts for clients in various industries, including the student loan industry.

**Response**: Defendant admits the allegations contained in paragraph 6 of the Complaint.

### Answering "Facts Supporting Causes of Action"

7. Over 15 years ago, Plaintiff obtained a student loan to fund his education in the approximate amount of $10,000 ("subject debt").

**Response**: As to paragraph 7 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

8. At the time Plaintiff incurred the subject debt, he provided his mother's landline number ending in 0873 to the student loan lender.

**Response**: As to paragraph 8 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

9. Plaintiff defaulted on the subject debt over 10 years ago.

**Response**: As to paragraph 9 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

10. Upon information and belief, Defendant acquired the subject debt in January 2015. At the time Defendant acquired the subject debt, Plaintiff was residing at his mother's house.

**Response**: As to paragraph 10 of the Complaint, Defendant denies it acquired the subject debt in January 2015. As to the remainder of the allegations in paragraph 10 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.

11. In January 2015, Defendant started placing collection calls to Plaintiff's mother's landline number ending in 0873.

**Response**: Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. As soon as the calls began, Plaintiff picked up the phone and asked Defendant what the call was about.

**Response**: As to paragraph 12 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

13. Defendant responded by stating that it was looking for Antonio Harris. Plaintiff stated he was Antonio Harris and was asked by Defendant to provide the last 4 digits of his social security number. Being cautious about providing his social security number to an unknown party, Plaintiff refused to provide Defendant with his social security number.

**Response**: As to paragraph 13 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

14. At that point, Defendant scolded Plaintiff by stating that it is a debt collector and that he needs to pay his bills.

**Response**: Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant further threatened that it would freeze Plaintiff's bank accounts and put liens on his assets if he doesn't pay the subject debt. In response, Plaintiff requested that Defendant cease all calls to his mother's landline phone.

**Response**: As to paragraph 15 of the Complaint, Defendant denies it threatened Plaintiff in any way. As to the remainder of the allegations in paragraph 15 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of those remaining allegations.

16. Notwithstanding Plaintiff's request that the calls cease, Defendant placed calls to his mother's landline phone once a day from January 2015 through the present.

**Response**: Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. In total, Defendant has placed no less than 700 collection calls to Plaintiff's mother's landline phone.

**Response**: Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. In January 2016, Defendant started placing collection calls to Plaintiff's cellular phone number ending in 2263.

**Response**: Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of a cellular telephone with an assigned number ending in 2263.

**Response**: As to paragraph 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

20. Plaintiff has never provided his cellular phone number to Defendant.

**Response**: As to paragraph 20 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

21. Immediately after the calls to Plaintiff's cellular phone began, Plaintiff demanded that Defendant cease calls to his cellular phone.

**Response**: Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Notwithstanding Plaintiff's request that Defendant cease calls to his cellular phone, Defendant continued to place collection calls to Plaintiff's cellular phone.

**Response**: Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Specifically, between January 2016 and the present day, Defendant has placed no less than 150 calls to Plaintiff's cellular phone.

**Response**: Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. In that time period, Plaintiff answered between 30-40 of Defendant's calls to his cellular phone. In each answered call, Plaintiff requested that Defendant cease placing collection calls to his cellular phone.

**Response**: Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. During the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while the Defendant's telephone system attempted to connect Plaintiff to a live agent.

**Response**: Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. In most of the calls that Plaintiff answered, Defendant committed conduct similar to the conduct set forth in Paragraphs 13-15.

**Response**: Defendant denies the allegations contained in paragraph 26 of the Complaint.

## Answering "Damages"

27. The frequency of Defendant's calls to Plaintiff's cellular phone and his mother's landline phone have severely disrupted Plaintiff's everyday life and general well-being.

**Response**: Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of her telephone services.

**Response**: Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. In addition, each time Defendant placed a telephone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

**Response**: As to paragraph 29 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

30. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

**Response:** As to paragraph 30 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

### Answering "Count I – Violations of the Telephone Consumer Protection Act"

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

**Response**: As to paragraph 31 of the Complaint, Defendant restates as if fully set forth here its responses to paragraphs 1-30 of the Complaint.

32. The TCPA prohibits calling persons on their cell phones using an automatic telephone dialing system ("ATDS") without their consent. 47 U.S.C. §227(b)(1)(iii).

**Response**: Paragraph 32 of the Complaint contains legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 32 of the Complaint.

33. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

**Response**: Defendant admits the allegations contained in paragraph 33 of the Complaint.

34. Upon information and belief, based on the pause and lack of a prompt human response during the calls Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular phone.

**Response**: As to paragraph 34 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

35. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

**Response**: Paragraph 35 of the Complaint contains legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

**Response**: Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant violated the TCPA by placing no less than 150 calls to Plaintiff's cellular phone between January 2016 and the present day, using an ATDS without his consent.

**Response**: Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. As pled above, Plaintiff never provided Defendant with his cellular phone number nor otherwise consented to receive calls from Defendant to his cellular phone.

**Response**: As to paragraph 38 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiff never provided Defendant with his cellular phone number. Defendant denies the remainder of the allegations in paragraph 38 of the Complaint.

39. Furthermore, as pled above, Plaintiff requested that Defendant cease its calls to his cellular phone on multiple occasions to no avail.

**Response**: As to paragraph 39 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations therein.

40. As pled above, Plaintiff was substantially harmed by Defendant's collection calls to his cellular phone.

**Response**: Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to treble damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**Response**: Defendant denies the allegations contained in paragraph 41 of the Complaint.

### Answering "WHEREFORE" paragraph on page 6 of Complaint

WHEREFORE Plaintiff, ANTONIO HARRIS, requests that this Honorable Court:

a. Enter an order enjoining Defendant from placing calls to Plaintiff's cellular phone;

b. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

c. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C); and

d. Award any other relief this Honorable Court deems equitable and just.

**Response**: Defendant denies Plaintiff is entitled to any of the relief, judgment, or damages he seeks contained in the unnumbered "WHEREFORE" paragraph immediately following paragraph 41 of the Complaint.

### Answering "Count II – Violations of the Fair Debt Collection Practices Act"

42. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

**Response**: As to paragraph 42 of the Complaint, Defendant restates as if fully set forth here its responses to paragraphs 1-30 of the Complaint.

43. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

**Response**: Paragraph 43 of the Complaint contains legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction for personal, family, or household purposes.

**Response**: Paragraph 44 of the Complaint contains legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 44 of the Complaint.

45. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**Response**: Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 45 of the Complaint.

46. Defendant violated 15 U.S.C. §§1692d, e, and f through its debt collection efforts.

**Response**: Defendant denies the allegations contained in paragraph 46 of the Complaint.

47. Defendant violated §1692d by employing harassing, oppressive, and abusive methods in order to collect the subject debt from Plaintiff.

**Response**: Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant violated §1692d(5) by causing Plaintiff's cellular phone and mother's landline phone to ring more than 850 times between January 2015 and the present in its attempts to collect the subject debt.

**Response**: Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant violated §1692e by employing false and deceptive means in connection with the collection of the subject debt.

**Response**: Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant violated §§1692e(5) and e(10) when it threated to take action that cannot legally be taken or that is not intended to be taken by threatening to freeze Plaintiff's bank accounts and place liens on Plaintiff's assets. Defendant's conduct was false and misleading because Defendant cannot legally freeze Plaintiff's bank accounts or place a lien on Plaintiff's assets without first filing a lawsuit and obtaining a judgment. Defendant has not filed a lawsuit or obtained a judgment against Plaintiff, and thus could not have possibly frozen his bank accounts or placed a lien on his assets.

**Response**: As to paragraph 50 of the Complaint, Defendant admits it has not sued Plaintiff or obtained a judgment against him. Defendant denies the remainder of the allegations in paragraph 50 of the Complaint.

51. Moreover, Defendant's implication that a lawsuit may be filed was false because Defendant cannot legally file a lawsuit against Plaintiff because the statute of limitations to sue on the subject debt has long passed. Specifically, under Illinois law, a claim for breach of a written contract must be brought within 10 years of the default on the contract. Here, Plaintiff defaulted on the subject debt more than 10 years ago, and thus any lawsuit to enforce the subject debt would be time barred.

**Response**: Paragraph 51 of the Complaint contains legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 51 of the Complaint.

52. Defendant violated §1692f by employing unfair and unconscionable means to collect the subject debt from Plaintiff by placing no less than 850 collection calls to his mother's landline phone and Plaintiff's cellular phone, and continuing to place such calls after Plaintiff requested that the calls cease.

**Response**: Defendant denies the allegations contained in paragraph 52 of the Complaint.

53.  As pled above, Plaintiff was harmed by Defendant's unfair collection practices.

**Response**: Defendant denies the allegations contained in paragraph 53 of the Complaint.

### Answering "WHEREFORE" paragraph on page 8 of Complaint

WHEREFORE Plaintiff, ANTONIO HARRIS, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Response**: Defendant denies Plaintiff is entitled to any of the relief, judgment, or damages he seeks contained in the unnumbered "WHEREFORE" paragraph immediately following paragraph 53 of the Complaint.

### Answering "Count III – Violations of the Illinois Consumer Fraud And Deceptive Business Practices Act"

54. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

**Response**: As to paragraph 54 of the Complaint, Defendant restates as if fully set forth here its responses to paragraphs 1-30 of the Complaint.

55. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

**Response**: Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. Plaintiff is a "person" as defined in ICFA, 815 ILCS 505/1 (c).

**Response**: Paragraph 56 of the Complaint contains legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Plaintiff is a "consumer" as defined in ICFA, 815 ILCS 505/1 (e).

**Response**: Paragraph 57 of the Complaint contains legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant is engaged in "commerce" in the State of Illinois with regard to Plaintiff as defined by ICFA, 815 ILCS 505/1(f). Defendant is a third party debt collector, an activity which is within the stream of commerce and utilized in Defendant's regular course of business.

**Response**: Paragraph 58 of the Complaint contains legal conclusions to which no response is required. To the extent a response may be required, Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. It was unfair for Defendant to harass Plaintiff through neverending calls placed to Plaintiff's cellular phone and his mother's landline phone after Plaintiff requested that the calls cease on no less than 30 occasions.

**Response**: Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. It was unfair for Defendant to call Plaintiff on his cellular phone and his mother's landline phone no less than 850 times, in an attempt to collect the subject debt.

**Response**: Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. It was unfair and deceptive for Defendant to threaten to freeze Plaintiff's bank accounts and place a lien on his assets when doing so was a legal impossibility.

**Response**: Defendant denies the allegations contained in paragraph 61 of the Complaint.

62. The harassing and deceptive collection campaign Defendant has unleased, and continues to impose on Plaintiff is against public policy, immoral, unethical, and oppressive.

**Response**: Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. As pled above, Plaintiff was substantially harmed by Defendant's unfair conduct.

**Response**: Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Upon information and belief, Defendant systematically places harassing and deceptive collection calls to consumers in Illinois in order to collect debts that are owed by Illinois consumers.

**Response**: Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. An award of punitive damages is appropriate because Defendant's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiff and consumers, generally, and Plaintiff had no choice but to submit to the continued harassing collection calls.

**Response**: Defendant denies the allegations contained in paragraph 65 of the Complaint.

**Answering "WHEREFORE" paragraph on page 10 of Complaint**

WHEREFORE Plaintiff, ANTONIO HARRIS, requests that this Honorable Court:

a. Enter judgment in his favor and against Defendant:
b. Award Plaintiff his actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Award Plaintiff his reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
e. Award any other relief this Honorable Court deems equitable and just.

**Response**: Defendant denies Plaintiff is entitled to any of the relief, judgment, or damages he seeks contained in the unnumbered "WHEREFORE" paragraph on page 10 of the Complaint.

### DEFENDANT'S DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the statute of limitations.

3. Defendant is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding Defendant's maintenance of procedures reasonably adapted to avoid any such error.

### DEFENDANT'S DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all issues.

### PRAYER

Defendant, GC Services Limited Partnership, prays this Court enter judgment against Plaintiff, Plaintiff take nothing by his claims against Defendant, and Defendant be awarded its taxable costs and all such other and further relief as the Court may deem just and proper.

Dated: August 11, 2017            Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ William S. Helfand*
    William S. Helfand
    24 Greenway Plaza, Ste. 1400
    Houston, TX 77046
    (713) 659-6767
    (713) 759-6830 (Fax)
    Bill.Helfand@lewisbrisbois.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

      This is to certify that the undersigned counsel has this date, August 11, 2017, electronically filed **Defendant, GC Services Limited Partnership's, Answer and Defenses to Complaint** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who have made an appearance in this case and as follows:

Mohammed O. Badwan
Sulaiman Law Group, LTD
900 Jorie Blvd., Ste. 150
Oak Brook, IL 60523

                              */s/ William S. Helfand*
                              William S. Helfand